**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DOUGLAS A. DALE, | DOCKET NUMBER |
| Appellant, | CH-0752-10-0300-I-8 |
| v. | |
| DEPARTMENT OF THE TREASURY, | DATE: September 18, 2014 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jason P. Matthews, Esquire, Dayton, Ohio, for the appellant.

Eileen R. Jimenez, Esquire, Chicago, Illinois, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which sustained the appellant's removal.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2      Following the appellant's criminal conviction on multiple counts of bankruptcy fraud and making false statements, misconduct which occurred off-duty and, for the most part, before his agency employment began in 2005, the agency removed the appellant for conduct unbecoming an Internal Revenue Service (IRS) agent.  *Dale v. Department of the Treasury*, MSPB Docket No. CH-0752-10-0300-I-2,[2] Refiled Appeal File (I-2 RAF), Tab 18, Subtabs 4d, 4h-4k.  After holding a hearing, the administrative judge found that the agency proved its charge, established a nexus between the appellant's misconduct and the efficiency of the service, and chose a penalty within the tolerable bounds of reasonableness.  *Dale v. Department of the Treasury*, MSPB Docket No. CH-0752-10-0300-I-8, Refiled Appeal File, Tab 18, Initial Decision (ID).  The administrative judge further found that the appellant failed to establish his affirmative defenses of:  harmful procedural error; sex discrimination; marital and parental discrimination; political and religious discrimination; and reprisal for whistleblowing.  ID at 5-8.

---

[2] This appeal was dismissed without prejudice and refiled seven times due to the appellant's incarceration and his post-conviction motions.

¶3        In his timely filed petition for review, the appellant argues that the administrative judge erred in finding nexus and that the penalty was not reasonable in the light of relevant mitigating *Douglas* factors.  Petition for Review (PFR) File, Tab 1.  He does not challenge the administrative judge's adjudication of his affirmative defenses.  *Id.*  The agency responded in opposition, and the appellant filed a reply to the agency's response.  PFR File, Tabs 3, 4.

¶4        The appellant argues on review that because his criminal conviction was based on conduct which occurred prior to and during his first year of agency employment, it did not adversely impact the efficiency of the service.  PFR File, Tab 1 at 3.  He asserts that the only possible nexus is purely speculative and involves the agency's "misguided perception that [he] was not trustworthy."  *Id.* at 4.  However, the appellant was found guilty of bankruptcy fraud and making false statements, *see* I-2 RAF, Tab 18, Subtabs 4i-4k, and because he was "employed by an agency which must maintain public confidence in its image of integrity, depending as it does essentially on voluntary compliance of the public," and in a position involving contact with the public, the fraudulent and dishonest nature of his misconduct is sufficient to establish a nexus with the efficiency of the service, *see, e.g.*, *Fike v. Internal Revenue Service*, 10 M.S.P.R. 113, 116-17 (1982).

¶5        As to the penalty, where, as here, both of the agency's charges are sustained, the Board reviews the penalty only to determine whether the agency considered all the relevant factors and exercised management discretion within the tolerable limits of reasonableness.  *See Ellis v. Department of Defense,* 114 M.S.P.R. 407, ¶ 11 (2010).  The Board must give due weight to the agency's primary discretion in maintaining employee discipline and efficiency, recognizing that the Board's function is not to displace management's responsibility, but to ensure its proper exercise.  *Id.*  The Board will mitigate a penalty only where the Board finds that the agency did not weigh the relevant factors or that the penalty

clearly exceeds the bounds of reasonableness. *Id.* In assessing the appropriateness of the agency's choice of penalty, the most important factor is the nature and seriousness of the misconduct and its relationship to the employee's duties, position, and responsibilities. *Id.* (citing *Jinks v. Department of Veterans Affairs*, 106 M.S.P.R. 627, ¶ 17 (2007)); *see Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981).

¶6    The appellant argues that he was in a turbulent time of his life when the misconduct at issue occurred and that he was suffering from depression stemming from childhood abuse. PFR File, Tab 1 at 5. He contends that despite his conviction, his work record and lack of subsequent misconduct demonstrates that he is a good candidate for rehabilitation and that the agency's choice of penalty is unreasonable. *Id.* Nevertheless, the record reflects that the deciding official explicitly considered these factors, but determined that the seriousness of the appellant's misconduct and its relationship to his duties and the agency's mission outweighed them and caused her to lose confidence in the appellant's integrity and judgment. ID at 9-10; *see, e.g.*, *Ellis*, 114 M.S.P.R. 407, ¶ 11. We agree with the administrative judge that the appellant's criminal conviction for bankruptcy fraud and making false statements directly relates to his position as an IRS agent and that the appellant's removal under these circumstances does not exceed the bounds of reasonableness. ID at 10-11.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision. There are several options for further review set forth in the paragraphs below. You may choose only one of these options, and once you elect to pursue one of the avenues of review set forth below, you may be precluded from pursuing any other avenue of review.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to

file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Other Claims:  Judicial Review

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices described in 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction to review this final decision. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____

William D. Spencer
Clerk of the Board

Washington, D.C.